FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 18 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                            No. CV-05-0179 JP/RLP
                            CR-03-1249 JP

GABRIEL ORTIZ-RIOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 27) filed February 17, 2005. Defendant pleaded guilty to an information and was convicted of reentry by a deported alien previously convicted of an aggravated felony. 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). He was sentenced to 46 months of imprisonment, in part as a result of the prior aggravated felony conviction. § 1326(b)(2). Defendant did not appeal his conviction or sentence. In his § 2255 motion, Defendant claims his sentence is illegal because the Sentencing Guidelines were ruled unconstitutional in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004). He does not deny that he was previously deported after committing an aggravated felony.

Because Defendant's sentence enhancement was based on a prior conviction, no relief is available on his claim under *Blakely*. The claim is precluded by the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."

*Apprendi*, 530 U.S. at 490. *Apprendi* addressed, in part, the ruling in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), where the Court expressly upheld enhancement of a sentence based on prior convictions. *Almendarez-Torres*, 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized but not overruled. *See Apprendi*, 530 U.S. at 489-90. The "prior conviction" exception to the *Apprendi* rule is specifically noted in the *Blakely* decision, 124 S. Ct. at 2536, and in *United States v. Booker*, --- U.S. ---, ---, 125 S. Ct. 738, 756 (2005). The *Blakely* decision does not affect the enhancement of Defendant's sentence, and the § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 27) filed February 17, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

_____
UNITED STATES DISTRICT JUDGE

2